**TOWER LEGAL GROUP, P.C.**
James A. Clark, Esq. (SBN 278372)
  james.clark@towerlegalgroup.com
Renee P. Ortega, Esq. (SBN 283441)
  renee.parras@towerlegalgroup.com
Ariel A. Pytel (SBN 328917)
  Ariel.pytel@towerlegalgroup.com
11335 Gold Express Drive, Suite 105
Gold River, CA  95670
Tel: (916) 361-6009
Fax: (916) 361-6019

Attorneys for Plaintiff,
MATTHEW MCSORELY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRIT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MCSORELY,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF ALPINE, a California Public Entity; MARGRET LONG, and individual; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of California Labor Code § 432.7;<br>2. Defamation; and<br>3. Deprivation of Liberty and Property Interests in Violation of 42 USC §1983 seq.<br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES – PAGE 1

Plaintiff Matthew McSorely alleges:

## PARTIES

1.     At all relevant times, Plaintiff Matthew McSorely (hereinafter "Plaintiff" or "Plaintiff McSorely") was and is an individual residing in the State of California.

2.     At all relevant times, Defendant County of Alpine (hereinafter "Defendant County of Alpine"), is an employer in the State of California and doing business in Alpine County, California.

3.     At all relevant times, Defendant Margaret Long (hereinafter 'Defendant Long" was an individual acting under color of law for County of Alpine as County Counsel for Alpine County.

4.     The true names, roles and capacities of Defendants named as Does 1 through 10, inclusive, are currently unknown to Plaintiff and, therefore, are sued under fictitious names. If and when they are ascertained, Plaintiff will identify their true identities and conduct. Because Defendants' conduct, as set forth herein, was undertaken or authorized by Defendants' officers or managing agents, such individuals' conduct was made on behalf of Defendants.  Moreover, Defendants had advance knowledge of such conduct of said individuals whose actions were ratified, authorized, and approved by officers or agents.

5.     For the purposes of this Complaint, each use of the term "Defendant Alpine" and/or the term "Defendant Long"  and/or "DOES 1-10" refers to the named Defendants, set forth above, collectively.  Defendant Alpine, Defendant Long and DOES 1-10, will be collectively referred to hereinafter as "Defendants".

6.     Plaintiff is informed and believes and thereon alleges that there exists, and, at all times relevant to this Complaint, existed a unity of interests between the Defendants such that any individuality and separateness between these Defendants has ceased, and these Defendants are the alter ego of the other Defendants and extend control over each other.  Adherence to the fiction of the separate existence of these

COMPLAINT FOR DAMAGES – PAGE 2

Defendants as an entity distinct from other Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

7.      Plaintiff is informed, believes, and, based thereon alleges that the fictitiously named Defendants were the agents, servants, and employees of Defendants and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval or subsequent ratification of the named Defendants.  Plaintiff further alleges that the Defendants constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control. Plaintiff also alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each other.  Whenever reference is made to the Defendants, it is intended to include the named Defendants as well as all of the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

8.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants.

9.      Plaintiff is informed and believes and thereon alleges that Defendants are employers subject to suit under the California Labor Code as they are organizations with employees and individuals employed by an organization doing business in the State of California.

10.      Plaintiff is informed and believes and thereon alleges that Defendants are employers subject to suit under the California Civil Code as they are organizations with employees and individuals employed by an organization doing business in the State of California.

## VENUE AND JURISDICTION

11.    Venue is proper in this Court because all of the events that are the subject of this lawsuit took place in Alpine County, California, which is in the Eastern District of California.

12.    Jurisdiction in this case is based on 28 USC, Section 1331. Jurisdiction is proper because Plaintiff has alleged a cause of action based upon a violation of federal law (42 U.S.C., Section 1983). Supplemental jurisdiction of Plaintiff's state law claims are based upon 28 U.S.C., Section 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.    On or about June 22, 2021, Plaintiff filed a Government Tort Claim with the Defendant County of Alpine. This claim asserted damages resulting from violations of California Labor Code 432.7, defamatory statements made against the Plaintiff, and violation of 42 USC 1983 seq. as related to all Defendants. The Plaintiff noted that he would seek economic and non-economic damages as a result of the wrongful acts against him. The details are incorporated here as reference to "**Exhibit A**".

14.     By letter dated August 26, 2021, Plaintiff was informed that his Government Tort Claim against the County had been "rejected." The details are incorporated here as reference to "**Exhibit B".**

15.    Plaintiff has properly exhausted all available administrative remedies.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.    Plaintiff Matthew McSorely ("Plaintiff") applied for a position to be employed by the County of Alpine in 2021 as Assistant Auditor-Controller.

17.    On May 4, 2021, Plaintiff received an offer letter from Alpine County Employee Sarah Simis of behalf of County of Alpine (**Exhibit A-1**).

18.    Plaintiff accepted the offer, and provided the appropriate corresponding paperwork identified in the offer letter. One of these forms provided was the Pre-

employment & background check authorization (**Exhibit A-2).**

19.    During the background check process and interview, Plaintiff also provided a certified copy of the Dismissal of a criminal charge pursuant to Penal Code 1203.4. (**Exhibit A-3**).  Plaintiff provided these additional documents to Alpine County Employee Ken MacHold.

20.    On May 19, 2021, Alpine County Counsel, Margaret Long, sent Plaintiff a Disqualification Letter (**Exhibit A-4**).  In the disqualification letter, County Counsel Long stated "After reviewing your pre-employment background investigation results, the County intends to disqualify you from employment as Assistant Auditor-Controller with Alpine County Finance Department.  The following disqualifying convictions that are the basis for the preliminary decision to rescind the offer are as follows: 1. Offense Code 11366.5(A). RENT/LEASE BLDG WHERE CNTRLD SUBSTANCES SOLD OR STORED. Offense date: 01 January 2014. County: El Dorado, CA."  The disqualification letter further states, "A copy of the conviction history reports is included with this letter." (**Exhibit A-5**).

21.    In response to the disqualification letter, Plaintiff and his attorney, James Clark of Tower Legal Group, P.C., mailed communications to County Counsel on May 28, 2021, advising County Counsel and County of Alpine their actions violated Labor Code 432.7.  (**Exhibit A-6**).

22.    On May 30, 2021, Alpine County Employee Sarah Simis confirmed to Plaintiff's counsel that the County of Alpine received the responsive communications. (**Exhibit A-7**).

23.    On June 9, 2021, after discovering she had violated the law, County Counsel Long replied via email and changed the reasons for withdrawing the conditional offer to Plaintiff.  County Counsel Long defamed Plaintiff in writing to several people, and stated Plaintiff was "dishonest" during the background investigation.  County Counsel Long defamed Plaintiff to James Clark and Sarah Simis in writing via email. (**Exhibit A-8**).   County Counsel Long offered no

explanation for her defaming statements, nor references any investigations whereas she could reasonably conclude.  In addition, the disqualification letter to Plaintiff did not reference any dishonesty on behalf of Plaintiff, or request Plaintiff to address any dishonesty concerns on behalf of Plaintiff.

24.    Plaintiff now timely brings this action.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE 432.7**
**(CAL. LABOR CODE § 432.7 ET. SEQ.)**
**(Against Defendant County of Alpine)**

25.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth here.

26.    California Labor Code section 432.7 states, in part:  "No employer, whether a public agency or private individual or corporation, shall ask an applicant for employment to disclose, through any written form or verbally, information concerning an arrest or detention that did not result in conviction, or information concerning a referral to, and participation in, any pretrial or post-trial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.45, and 1210.1 of the Penal Code, nor shall any employer seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or post-trial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.45, and 1210.1 of the Penal Code."

27. Plaintiff was requested to disclose information regarding a conviction that had been judicially dismissed. Defendants used as a factor in determining a condition of employment a record of conviction that had been judicially dismissed pursuant to Penal Code 1203 seq..

28. As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered special and economic damages, including but not limited to a substantial reduction in past and current income, individual medical and other benefits, and future earnings, and income potential, and will continue to so suffer in the future, in an amount to be proved at trial.

29. As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

30. As a direct and legal result of the foregoing conduct, which violated the provisions of Labor Code §437, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial or after trial motions.

31. Defendants, and each of them, aided, abetted, incited, compelled, and coerced unlawful employment practices in violation of the announced policy of this State against such practices.

32. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees.

33. Wherefore, Plaintiff prays of judgment as set forth below.

## SECOND CAUSE OF ACTION
### DEFAMATION
### (Against All Defendants)

COMPLAINT FOR DAMAGES – PAGE 7

34.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

35.    Plaintiff is informed and believes Defendants and DOES 1 through 10, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community.  These false and defamatory statements included express and implied: accusations that Plaintiff was dishonest, and all to the extreme level that Plaintiff's employment offer was to be revoked.

36.    Plaintiff heard these express and implied publications published by Defendants' agents and employees, on or around June of 2021 in which Plaintiff was informed of his employment offer was to be revoked, and at other unknown times by other agents and employees of Defendants, unknown at this time. These defamatory publications were used as justification to terminate Plaintiff's employment offer. All these publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them.  Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, and other recipients, in the community.  Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial, including those republications Plaintiff himself was foreseeably forced and compelled to publish.

37.    During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of this defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know.  Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the

community, all of whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

38. The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the above described false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: accusations that Plaintiff was dishonest, and failed to be truthful during an investigation, all to the extreme level that Plaintiff's immediate termination of employment offer was required and necessary. These defamatory statements, and each of them, expressly and impliedly asserted that Plaintiff was incompetent, dishonest, and that his immediate termination of employment offer was justified for all these reasons.

39. Plaintiff is informed, believes and fears that these false and defamatory per se  statements will continue to be published by Defendants, and each of them, and will be  foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations.  Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

40. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

41. None of Defendants' defamatory publications against Plaintiff referenced above are true.

42. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably

republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

43.    Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice.  These publications abused any alleged conditional privilege (which Plaintiff denies existed).  All of the publications were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff.  These publications were made in order to terminate Plaintiff for his medical condition and were used to justify Defendants' illegal, cruel and unjustified termination of Plaintiff.  These false and defamatory statements were made to cause further damage to Plaintiff's professional and personal reputation, to cause his to be fired, to falsely justify his firing, and to cause his to be shunned by his associates and other members of the community. These publications were the result of prior ill will, rivalry, and disputes regarding the Defendants failure to comply with the law regarding the proper and legal treatment of disabled employees, and were used to justify the improper and illegal termination of Plaintiff for reasons that violated the public policy of this state.

44.    Each of these publications by Defendants, and each of them, were made with knowledge that no reasonable investigation supported the unsubstantiated and obviously false statements.  The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation, and as the result of information from knowingly hostile witnesses. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless.  In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.  Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere

general or idle curiosity of this information.

45. The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

46. As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

47. Defendants, and each of them, by and through their managing agents and officers committed, authorized, and ratified the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents, employees, managing agents and officers as herein alleged were known, authorized, ratified and approved by the Defendants and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

48.    WHEREFORE, Plaintiff requests relief as hereinafter provide.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 USC, SECTION 1983 (DEPRIVATION OF LIBERTY AND PROPERTY INTERESTS)
**(Against Defendant LONG)**

49.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

50.    At all relevant times, the County of Alpine, through County Counsel Margaret Long, was acting under color of law when the County of Alpine divested Plaintiff of a legitimate property interest and liberty interest, in violation of Plaintiff's substantive and procedural due process rights.

51.    By virtue of the conduct set forth in paragraphs above, Defendant LONG , individually and in her managerial capacities on behalf of Defendant County of Alpine, did subject plaintiff to deprivation of substantive due process rights secured by the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. Sec. 1983.

52.    Said conduct constituted discriminatory, arbitrary and capricious action, carried out under color of state law.

53.    Plaintiff possessed a "property interest" under the Fifth and Fourteenth

54.    Amendment to the United States Constitution because he was an applicant with an employment offer to be a public employee and act as Assistant Auditor-Controller with the County of Alpine.

55.    Termination of plaintiff's employment offer constituted deprivation of property interest and was therefore a violation of substantive due process under the Fifth Amendment as incorporated by the Fourteenth Amendment of the U.S. Constitution.

56.     Plaintiff possessed a "liberty interest" under the Fifth and Fourteenth Amendment to the United States Constitution, because of his good name and reputation in the community, and because the manner of the disciplinary action, including termination of employment offer, imposed upon Plaintiff, a stigma that has precluded his ability to work for County of Alpine as Assistant Auditor-Controller. Defendant has, among other acts, branded Plaintiff as a "dishonest" employee. These assertions were untrue and unprivileged.  Defendant Long deprived Plaintiff of this liberty interest.

57.     As a legal result of Defendants' violation of Title 42, Section 1983, Plaintiff has suffered and continues to suffer loss of earnings, employment benefits, irreparable harm to his reputation, embarrassment, and physical and emotional distress, all to his damage in an amount in excess of the minimum jurisdiction of this Court.

58.     As a direct and proximate result of the violation of the plaintiff's civil rights by defendants, plaintiff sustained economic damage for past and perspective loss of earnings and benefits according to proof.

59.     As a further direct and proximate result of the said violation of plaintiff's civil rights, plaintiff sustained general damages for severe mental and emotional distress and injury to plaintiff's reputation in sums prayed.

60.     Defendant Long acted with malice and oppression toward plaintiff and with conscious disregard of plaintiff's rights and plaintiff is therefore entitled to punitive damages in sums sufficient to punish said defendants and set an example in view of their respective financial conditions.

61.     Plaintiff is further entitled to an award of statutory attorney's fees in bringing in this action pursuant to 42 U.S.C. Sec. 1983.

62.     WHEREFORE, Plaintiff requests relief as hereinafter provide.

WHEREFORE, Plaintiff prays for judgment as follows:

## **PRAYER FOR RELIEF**

1.  For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2.  For declaratory relief;

3.  For compensatory, general, and special damages, including emotional distress, in an amount according to proof;

4.  For punitive damages, where applicable by cause of action;

5.  For statutory attorneys' fees, where applicable by cause of action;

6.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7.  For costs of suit and expert fees;

8.  For such other and further relief as the Court may deem just and proper.


DATED: February 25, 2022                          **TOWER LEGAL GROUP, P.C.**

By:_____
          JAMES A. CLARK
          RENEE P. ORTEGA
          ARIEL A. PYTEL
          Attorneys for Plaintiff McSorely

## DEMAND FOR JURY TRIAL

Plaintiff McSorely hereby demands trial by jury.


DATED:  February 25, 2022              **TOWER LEGAL GROUP, P.C.**

*Jms A Clrk*

By:_____
        JAMES A. CLARK
        RENEE P. ORTEGA
        ARIEL A. PYTEL
        Attorneys for Plaintiff McSorely

# EXHIBIT A

# COUNTY OF ALPINE

## CLAIM FOR DAMAGES

This claim must be filed with the Clerk of the Board of Supervisors within six (6) months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. When claim is complete, mail to:

ALPINE COUNTY
Clerk of the Board
P.O. Box 158
Markleeville, CA 96120

COUNTY BOARD OF SUPERVISORS
Administrative Office Building
99 Water Street
Markleeville, California 96120

CLAIMANT

| | |
|---|---|
| Name | Matthew McSorely |
| Gender | Male  X    Female |
| Address | 2258 Texas Ave, South Lake Tahoe, CA 96150 |
| Telephone | ███████████ |
| DOB | |
| D.L. # | |

SUPERVISORS:

The undersigned respectfully submits the following claim and information:

1.  Post Office address to which claimant desires notices to be sent if other than above:
    Tower Legal Group, P.C., 11335 Gold Express Drive, Suite105, Sacramento, CA 95670
    c/o: James Clark, ESQ.

2.  Date, place, and time of occurrence or transaction which gives rise to this claim:
    Date  6-9-2021                          Time  2:31pm
    Place  Alpine County, CA

3.  Specify the particular act or omission and circumstances you believe caused injury and/or damage:
    See Attachment A - Pages 1-3.,  Exhibits 1-6

4.  Name or names of any employee of the County you believe caused the injury, damage or loss:
    Margaret Long, County Counsel;
    Sarah Simis, County Employee or Contractor; Craig Goodman, County Employee
    Ken MacHold, County Employee or Contractor;   Unknown as to others at this time

5.    Description of property damaged:
    Wages, Benefits, Retirement Savings, Compensations, Emotional Distress

6.    Owner of property damaged: Matthew McSorely

    Location of property damaged: South Lake Tahoe, CA

7.    Description of personal injury. If there was no personal injury, state "NONE":
    Lost Past Wages, Lost Future Wages, Lost Benefits, Lost Retirement Savings; Lost Fringe Benefits; Emotional Distress; Human Suffering

8.    Name of any other person injured: unknown at this time

    Address of injured person:

9.    Names and addresses of witnesses, doctors, hospitals, etc.:

| NAME | ADDRESS | TELEPHONE |
|---|---|---|
| (1) Margret Long, County Counsel | | unk |
| (2) Ken MacHold, County Employee or Contractor | | unk |
| (3) Craig Goodman, County Employee or Contractor | | unk |

10.    Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost (please attach papers to claim):
    Amount exceeds +$10,000.00
    Amount if NOT LIMITED JURISDICTION
    Amount is UNLIMITED JURISDICTION

11.    Any additional information that might be helpful in considering claim:
    See Attachment A with exhibits 1-6

**WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM.**
(Penal Code §72 / Insurance Code §556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the foregoing is true and correct.

SIGNED THIS ___22___ DAY OF ___JUNE___ 20 21, AT ___Sacramento, California___

_Jms A Clrk_

CLAIMANT'S SIGNATURE

James A. Clark, on behalf of Matthew McSorely

ATTACHMENT A

Claimant Matthew McSorely ("Claimant") applied for a position to be employed by the County of Alpine in 2021.  On May 4, 2021, Claimant received an offer letter from Sarah Simis of behalf of County of Alpine (**Exhibit 1**). Claimant accepted the offer, and provided the appropriate corresponding paperwork identified in the offer letter. One of these forms provided was the Pre-employment & background check authorization (**Exhibit 2**).  During the background check process and interview, Claimant also provided a certified copy of the Dismissal of a criminal charge pursuant to Penal Code 1203.4. (**Exhibit 3**). Claimant provided these additional documents to Ken MacHold.  On May 19, 2021, County Counsel, Margaret Long, sent Claimant a Disqualification Letter (**Exhibit 4**).  In the disqualification letter, County Counsel Long stated "After reviewing your pre-employment background investigation results, the County intends to disqualify you from employment as Assistant Auditor-Controller with Alpine County Finance Department.  The following disqualifying convictions that are the basis for the preliminary decision to rescind the offer are as follows: 1. Offense Code 11366.5(A). RENT/LEASE BLDG WHERE CNTRLD SUBSTANCES SOLD OR STORED. Offense date: 01 January 2014. County: El Dorado, CA."  The disqualification letter further states, "A copy of the conviction history reports is included with this letter." (**Exhibit 5**).

In response to the disqualification letter, Claimant and his attorney, James Clark of Tower Legal Group, P.C., mailed communications to County Counsel on May 28, 2021, advising County Counsel and County of Alpine their actions violated Labor Code 432.7.  (**Exhibit 6**).  On May 30, 2021, Sarah Simis confirmed to Claimant's counsel that the County of Alpine received the responsive communications.

On June 9, 2021, after discovering she had violated the law, County Counsel Long replied via email and changed the reasons for withdrawing the conditional offer.  County Counsel Long defamed Claimant and stated Claimant was dishonest during the background investigation.  County Counsel defamed Claimant to James Clark and Sarah Simis in writing via email.  County Counsel offered no explanation for her defaming statements, nor references any investigations whereas she could reasonably conclude.  In addition, the disqualification letter to Claimant did not reference any dishonesty on behalf of claimant, or request Claimant to address any dishonesty concerns on behalf of Claimant.

ATTACHMENT A

**A) Violation of Labor Code 432.7.**

California Labor Code 432.7 states: (a) (1) An employer, whether a <u>public agency</u> or private individual or corporation, <u>shall not ask an applicant for employment to disclose</u>, through any written form or verbally, information concerning an arrest or detention that did not result in conviction, or information concerning a referral to, and participation in, any pretrial or posttrial diversion program, <u>or concerning a conviction that has been judicially dismissed</u> or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. <u>An employer also shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring,</u> promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or <u>concerning a conviction that has been judicially dismissed</u> or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. This section shall not prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on their own recognizance pending trial.

County of Alpine violated this Labor Code provision when their disqualification letter stated: "The following disqualifying convictions that are the basis for the preliminary decision to rescind the offer are as follows: …". County of Alpine rescinded its employment offer to Claimant due to this conviction. However, Claimant provided sufficient evidence this claim had been expunged pursuant to Penal Code 1203.4. Therefore, it is unlawful for Claimants to rescind an offer of employment based on convictions that had been judicially dismissed.

County of Alpine is liable to Claimant for Violation of Labor Code 432.7.

**B)    Defamation**

County Counsel Long, acting on behalf of County of Alpine, defamed Claimant in writing by falsely accusing Claimant of being "dishonest". The reckless defaming conduct by County Counsel Long was published to James Clark and Sarah Simis. In addition, County Counsel Long's defamatory conduct will cause Claimant to self-publish the defamatory statements in the future.

County Counsel Long and County of Alpine is liable to Claimant for Defamation.

ATTACHMENT A

**C)    VIOLATION OF 42 USC, SECTION 1983 (DEPRIVATION OF LIBERTY AND PROPERTY INTERESTS)**

County Counsel Long was acting under color of law when the County of Alpine divested Claimant of legitimate property interest and liberty interests, in violation of Claimant's substantive and procedural due process rights.  Claimant possessed a "property interest" under the 5th and 14th amendments of the US Constitution because he would have been a permanent public employee.  Claimant possessed a liberty interest under the 5th and 14th amendments to the US Constitution because of his good name and reputation in the community, and based on the decision to rescind the offer, imposed upon Claimant a Stigma that causes him to repeat false allegations to rescind his offer of employment.  These allegations of dishonesty were untrue and unprivileged.

County Counsel Long is liable to Claimant in her individual capacity.


Claimant has suffered and continues to suffer loss of earnings, employment benefits, irreparable harm to his reputation, embarrassment, and physical and emotional distress, all to his damage in an amount in excess of $10,000, and unlimited jurisdiction.  In addition, Claimant seeks Attorneys Fees and Costs.


Dated: June 22, 2021                          _____
                                              James A. Clark, Esq.
                                              On behalf of Claimant,
                                              Matthew McSorely

# EXHIBIT A-1



**COUNTY OF ALPINE**
**Personnel & Risk Management**

05/04/2021

Matthew McSorley
2258 Texas Ave
South Lake Tahoe, CA 96150

Dear Matthew,

I am pleased to confirm your offer of employment to the position of Assistant Auditor-Controller Range U1 Step 1 with the Alpine County Finance Department.   This offer is contingent on background checks.

Please return the background release form to Personnel (ssimis@alpinecountyca.gov) as soon as possible and contact Christine Mills at 530-694-2231 to arrange to have the Live Scan conducted.  Let Personnel and your department head know what day it will be completed.  Please note that any delay in the background check process could affect the date you may begin work.

Your effective starting date is June 1, 2021 pending successful completion of the background checks.  The salary for the position is Unrepresented Range U1 step 1 at $3515.08 bi-weekly.   This is a 100% Full Time Employee (FTE) position, exempt classification, subject to the provisions of Alpine County Policy # CC2016-53. (Compensation and Benefits for Unrepresented Employees) and County Code Chapter 2.88 (Personnel Rules and Regulations).   This is a five-step salary system, with permanent status upon satisfactory completion of a one-year probationary period.

The County provides $900 per month towards medical, dental and vision insurance premiums commencing the first of the month following the employee's start date. Employees are required to pay the difference in premiums above the County paid $900. Should you elect this benefit your medical coverage will begin on July 1, 2021. The County participates in the California Public Employees Retirement System (PERS) 2% @ 62 Plan for new members. The County pays the employer contribution and the employee is responsible for their proportionate contribution.   Employees receive vacation, sick leave and 15-paid holidays per year.  Accrual rates and use of vacation, sick and holiday time is based on negotiated terms of the MOU.

Additionally, attached to this letter is a packet of new hire paperwork.  Please complete the paperwork and return it to the Personnel Department.   Please bring the proper identification needed for your I-9 forms. Please also bring a voided check to complete your direct deposit form for payroll as well as information necessary for beneficiaries such as social security numbers.

Once you begin work please have your department head schedule your employee orientation with the Personnel Office, at which time you will be given an employee handbook with pertinent information required by state and federal law.  Please read these documents, as they provide important information relative to the terms and conditions of your employment with Alpine County.

Congratulations on your offer of employment!  If you have any further questions regarding your employment with Alpine County, please do not hesitate to contact me.

Sincerely,

Sarah Simis
Deputy CAO to Personnel and Risk

cc:  Craig Goodman, Finance Director
     Payroll
     Personnel File

# EXHIBIT A-2



ALPINE COUNTY
PERSONNEL DEPARTMENT
PRE-EMPLOYMENT & BACKGROUND CHECK
AUTHORIZATION FORM

### ✔ Pre-Employment Verification/Reference Authorization & Release

By signing below, I hereby authorize the County of Alpine to inquire, verify and obtain information and documentation related to my employment history and educational institutions, for the purpose of establishing my qualifications and professional work habits as it pertains to my application for employment. This may include but is not limited to prior and current work records, DMV reports, credit reports, criminal background, etc.

Furthermore, I authorize any institution or individual to release and disclose any employment related information and documentation to the county of Alpine for the purpose of establishing my qualifications and professional work habits. Such employment related information may include but is not limited to employment dates, job duties, rehire eligibility, salary and opinions regarding work performance.

I acknowledge my employment is contingent on the disclosed employment information and herby release and hold harmless, the County of Alpine and any individual or institution who disclosed employment related information from any liability or damage that may result from furnishing such requested information.

I understand and acknowledge the information released to the County of Alpine will be used confidentially an only for the purposes of employment decisions. It will not become part of my personnel record if I am employed by the County, and will not be available for my review.

**Current or Previous County of Alpine Employees:** I authorize the appointing authority of the department of which I have applied, to seek and review information from my official personnel file located in Personnel and to speak with my current and/or former supervisors(s) within the County of Alpine regarding my work performance, duties, attendance or any other matter pertaining to my employment.

X _Elliott McSorley_     _5/5/2021_     _Matthew McSorley_
Signature                 Date            Print Name

### ✔ Have you been convicted of a crime in the last seven years?          Yes ___ **X** ___ No

If "yes", please give the date/s and nature of the offense/s below. (Convictions are evaluated for each position and are not necessarily disqualifying.)

_____

_____

Other Names Used: _____

Date of Birth: _10/07/1981_   Social Security Number: ███████████

X _Elliott McSorley_     _5/5/2021_     _Matthew McSorley_
Signature                 Date            Print Name

# Authorization for Background Investigation

## Disclosure

Please read this form carefully as it contains your rights as a Consumer. For the benefit of each stakeholder in the organization including but not limited to ownership, employees, and strategic partners. ALPINE COUNTY may request a consumer and/or an investigative consumer "report" on you from a Consumer Reporting Agency "CRA." ALPINE COUNTY will use such report(s) solely for employment purposes.

The report is an independent investigation of your background, which pursuant to Section 603 of the Fair Credit Reporting Act (FCRA) may include information regarding your character, general reputation, personal characteristics, or mode of living." The scope of the report may include information concerning your driving record, civil and criminal court records, education, credentials, credit history (following applicable state guidelines where required), identity, past addresses, Social Security Number, substance abuse testing results, previous employment, and personal references.  If Alpine County requests an "investigative report" – a report based on personal interviews concerning your character, general reputation, personal characteristics, and lifestyle – you have the right to request from the employer a description of the nature and scope of the investigation.

If you are denied employment as a result of information obtained from your background check, pursuant to the FCRA, ALPINE COUNTY will furnish to you the required adverse communications which include a copy of your background report, a summary of your rights under the FCRA, and instructions on how you can dispute inaccurate information contained within the report. ALPINE COUNTY will procure the report from:

CRA: Plexus Global, Inc. ● 19340 Jesse Ln, Suite 280 ● Riverside, CA 92508 ● Tel. 844-516-1008 ● www.plexusglobalinc.com

## Authorization

I  Matthew McSorley  have carefully read and understand this Consumer Disclosure and Authorization. By my signature below, I consent to the release of consumer reports and/or investigative consumer reports to ALPINE COUNTY in conjunction with my job application. I authorize disclosure to ALPINE COUNTY and/or to the background check vendor of information concerning my employment history (I specifically waive the need to receive a written notice for disclosure of information from any present or former employer who may provide information based upon this authorization), education; credit history, capacity & standing; motor vehicle history and standing; criminal history; and all other information ALPINE COUNTY deems pertinent by any individual, corporation or other private or public entity, including without limitation the following  employers; learning institutions, including colleges and universities; law enforcement agencies; federal, state and local courts; the military; credit bureaus; motor vehicle records agencies; and other applicable sources. I understand that if ALPINE COUNTY hires me, my consent will apply throughout my employment to the extent permitted by law, unless I revoke or cancel my consent by sending a signed letter or statement to ALPINE COUNTY's HR Department. I also understand that, to the extent allowed by law, information contained in my job application or otherwise disclosed by me before, during, or after my employment, if any, may be used for the purpose of obtaining consumer reports and/or investigative consumer reports. This Consumer Disclosure and Authorization form, in original, faxed, photocopied, or electronic form, will be valid for any reports that may be requested by ALPINE COUNTY. I understand that providing any false information or omitting any material information on my application materials or in the interview process will be sufficient grounds for rejection of the application, or termination of employment whenever discovered.

The following is my true and complete legal name and all information is true and correct to the best of my knowledge.

Please Print:

| First Name: Matthew | Middle Name: A | Last Name: McSorley . | Maiden Name or Other Names Used: | | |
|---|---|---|---|---|---|
| Present Street Address: 2258 Texas Ave | | City: South Lake Tahoe | State: CA | Zip: 96150 | |
| Social Security Number: ███████ | | Driver's License State & Number: ███████ | | DOB ███████ | |
| Former Street Address (Past 7 Years) | City | State | Zip | From: | To: |
| Former Street Address (Past 7 Years) | City | State | Zip | From: | To: |
| Former Street Address (Past 7 Years) | City | State | Zip | From: | To: |
| Former Street Address (Past 7 Years) | City | State | Zip | From: | To: |

## Consumer Authorization Form (cont.)

☒ Please check box acknowledging receipt of the federal Fair Credit Reporting Act Summary of Rights.

Plexus Global will need to contact you if additional information is needed to process your Background Investigation. Please provide a cell and/or alternate phone number and email address where we may contact you.

Cell Phone: ( 530 ) 591-0943 _____ Alternate Phone: (_____ ) _____

Email Address: Matt mcsorley @yahoo.com _____

Signature: *Matt Mcsorley* _____ Date: 5/5/2021 _____

*(Please do not type in name; your hand-written signature is required above)*

## State Required Notices

**Attention Applicants:** If you are a resident of any of the following states, please review the additional rights afforded to residents of that state.

**California, Minnesota, or Oklahoma:** If a consumer background report is ordered, would you like a free copy of the report mailed to your home? ☒ Yes ☐ No (Note: Employer is required to mail applicant a copy if the box is checked yes.)

**California:** You have the right to access your file as maintained by the Consumer Reporting Agency (CRA) during normal business hours. By submitting proper identification and paying any duplication costs, you have the options of requesting your file via (1) mail [CRA not responsible for report after it leaves premises via mail] (2) in person at the CRA's office during normal business hours and on reasonable notice [you may be accompanied by one other person, provided that person furnishes proper identification] or (3) a summary of the file by telephone. For information regarding the privacy policy of Plexus Global, please visit www.plexusglobalinc.com .

**Maryland or Oregon:** If the Company obtains credit history information on you, it will be used to evaluate whether you would present an unacceptable risk of theft or other dishonest behavior in the job for which you are being considered.

**Massachusetts or New Jersey:** If requested, you have the right to a copy of any background check report concerning you that the Company has ordered. You may contact the Consumer Reporting Agency for a copy.

**Minnesota:** If you submit a request to us in writing, you have the right to get from the Company a complete and accurate disclosure of the nature and scope of the consumer report or investigative consumer report ordered, if any.

**New York:** You have the right, upon written request, to be informed of whether or not a consumer report was requested. If a consumer report is requested, you will be provided with the name and address of the consumer reporting agency furnishing the report.

**State of Washington:** If the Company requests an investigative consumer report, you have the right, upon written request made within a reasonable period of time after your receipt of this disclosure, to receive from the Company a complete and accurate disclosure of the nature and scope of the investigation requested by the Company. You also have the right to request from the CRA a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

# EXHIBIT A-3

CR-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 273110 | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: 273110

NAME: Adam Spicer
FIRM NAME: Law Office of Adam T. Spicer
STREET ADDRESS: 2269 James Avenue
CITY: South Lake Tahoe     STATE: CA     ZIP CODE: 96150
TELEPHONE NO.: 530-539-4130     FAX NO.: 530-544-3570
E-MAIL ADDRESS: adamspicerlaw@gmail.com
ATTORNEY FOR (name):

**FOR COURT USE ONLY**

**FILED**

**OCT 25 2019**

EL DORADO CO. SUPERIOR COURT

BY S. Alexander
(DEPUTY CLERK)

PEOPLE OF THE STATE OF CALIFORNIA
v.

DEFENDANT: MATTHEW MCSORLEY     DATE OF BIRTH: 10/07/1981

| ORDER FOR DISMISSAL<br>(Pen. Code, §§ 17(b), 17(d)(2), 1203.4, 1203.4a, 1203.41, 1203.49) | CASE NUMBER:<br>S14CRF0063 |

The court finds from the records on file in this case, and from the foregoing petition, that the petitioner *(the defendant in the above-entitled criminal action)* is eligible for the following requested relief:

1. The court **GRANTS** the petition for reduction of a felony to a misdemeanor (maximum punishment of 364 days per Pen. Code, § 18.5) under Penal Code section 17(b) and/or for reduction of a misdemeanor to an infraction under Penal Code section 17(d)(2) and reduces the following convictions:

   ☐ ALL FELONY CONVICTIONS in the above-entitled action;

   ☐ ALL MISDEMEANOR CONVICTIONS in the above-entitled action; OR

   ☐ Only the following convictions in the above-entitled action *(specify charges and date of conviction)*:

2. The court **DENIES** the petition for reduction of a felony to a misdemeanor under Penal Code section 17(b) and/or for reduction of a misdemeanor to an infraction under Penal Code section 17(d)(2) for:

   ☐ ALL FELONY CONVICTIONS in the above-entitled action;

   ☐ ALL MISDEMEANOR CONVICTIONS in the above-entitled action; OR

   ☐ Only the following convictions in the above-entitled action *(specify charges and date of conviction)*:

3. The court **GRANTS** the petition for dismissal regarding the following convictions under Penal Code ☒ § 1203.4, or ☐ § 1203.4a, or ☐ § 1203.41, or ☐ § 1203.49, and it is ordered that the pleas, verdicts, or findings of guilt be set aside and vacated and a plea of not guilty be entered and that the complaint be, and is hereby, dismissed for:

   ☒ ALL CONVICTIONS in the above-entitled action; or

   ☐ Only the following convictions in the above-entitled action *(specify charges and date of conviction)*:

4. The court **DENIES** the petition for dismissal regarding the following convictions under Penal Code ☐ § 1203.4, or ☐ § 1203.4a, or ☐ § 1203.41, or ☐ § 1203.49 for:

   ☐ ALL CONVICTIONS in the above-entitled action; or

   ☐ Only the following convictions in the above-entitled action *(specify charges and date of conviction)*:

5. In granting this order under the provisions of Penal Code section 1203.49:

   a. The court finds that the petitioner was a victim of human trafficking when he or she committed the crime.

   b. ☐ The court orders the relief described in section 1203.4, or

      ☐ The court orders the relief described in section 1203.4, with the following exceptions *(specify)*:

**ORDER FOR DISMISSAL**

CR-181

| PEOPLE OF THE STATE OF CALIFORNIA v DEFENDANT:<br>MATTHEW MCSORLEY | CASE NUMBER:<br>S14CRF0063 |
|---|---|

6. If this order is granted under the provisions of Penal Code section 1203.4 or 1203.41:

   a. The petitioner is required to disclose the above conviction in response to any direct question contained in any questionnaire or application for public office, or for licensure by any state or local agency, or for contracting with the California State Lottery Commission.

   b. Dismissal of the conviction does not *automatically* relieve petitioner from the requirement to register as a sex offender. (See, e.g., Pen. Code, § 290.5.)

7. If the order is granted under the provisions of Penal Code section 1203.49, the Department of Justice is hereby notified that the petitioner was a victim of human trafficking when he or she committed the crime, and the relief ordered.

8. If the order is granted under the provisions of either Penal Code section 1203.4, 1203.4a, 1203.41, or 1203.49, the petitioner is released from all penalties and disabilities resulting from the offense except as provided in Penal Code sections 29800 and 29900 (formerly sections 12021 and 12021.1) and Vehicle Code section 13555. In any subsequent prosecution of the petitioner for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The dismissal does not permit a person to own, possess, or have in his or her control a firearm if prevented by Penal Code sections 29800 or 29900 (formerly sections 12021 and 12021.1). Dismissal of a conviction does not permit a person prohibited from holding public office as a result of that conviction to hold public office.

9. In addition, as required by Penal Code section 299(f), relief under Penal Code sections 17(b), 17(d)(2), 1203.4, 1203.4a, 1203.41, or 1203.49 does *not* release petitioner from the separate administrative duty to provide specimens, samples, or print impressions under the DNA and Forensic Identification Database and Data Bank Act (Pen. Code, § 295 et seq.) if petitioner was found guilty by a trier of fact, not guilty by reason of insanity, or pled no contest to a qualifying offense as defined in Penal Code section 296(a).

FOR COURT USE ONLY

Date: 10/25/19

/s/ Michael J. McLaughlin

(JUDICIAL OFFICER)

# EXHIBIT A-4



**COUNTY OF ALPINE**
**County Counsel**
**Margaret Long –County Counsel**

May 19, 2021

Matthew Alexander McSorley
2258 Texas Avenue
South Lake Tahoe, CA 96150

Re:    Assistant Auditor-Controller

Dear Mr. McSorley:

After reviewing your pre-employment background investigation results, the County intends to disqualify you from employment as Assistant Auditor-Controller with Alpine County Finance Department. The disqualifying convictions that are the basis for the preliminary decision to rescind the offer are as follows:

1.  Offense Code 11366.5(A). RENT/LEASE BLDG WHERE CNTRLD SUBSTANCES SOLD OR STORED
    Offense Date: 01 January 2014
    County: El Dorado, CA

What is of biggest concern to the County is the fact that you did not fully disclose this involvement in the narcotics violation in your interview with investigator Ken MacHold. During your first interview you inferred that your roommates were to blame. In your second interview, which occurred after your roommate was interviewed, you admitted to manufacturing concentrated marijuana for personal use.

A copy of the conviction history report is included with this letter. You may respond to this preliminary notice in writing before the decision becomes final no later than **4:00 pm on May 31, 2021.** Your response may include submission of evidence challenging the accuracy of the conviction history report that is the basis for rescinding the offer, evidence of rehabilitation or mitigating circumstances, or both. You may email or submit your written response to:

Alpine County Human Resources
Attn:  Sarah Simis, Assistant CAO to HR and Risk Management
99 Water St, Markleeville, CA 96120
Or via email to:
Attn: Sarah Simis ssimis@alpinecountyca.gov

Sincerely,

Margaret Long
County Counsel
cc:  Personnel

# EXHIBIT A-5

My UpdatesAccount UsageTeam MembersReportsBilling StatementsGet HelpContact Us
Sign up Login
macpi@ssctv.net
Sign up Login
Name Email Phone Address
matthew mcsorley

Matthew a Mcsorley

Found!
County Court Records
Records from counties across the U.S.
State Court Records
Sex Offender Registries & more.
National Court Record Search
Includes most wanted and watch lists.
Neighborhood Safety
Learn how safe your area is.
USA
California
Matthew A Mcsorley
Thank you for your purchase. A PDF of this profile has been sent to: macpi@ssctv.net
We Found 4 Likely Matches for:
Matthew A Mcsorley
Age: **39**
DOB: **10/81**
Location: **El Dorado County, CA**
Records updated: **2021-04-08**
Email PDF

# County Court Details

Records shown on this page may not refer to the same individual, and may or may not pertain to the same charge.
NOT SPECIFIED
Full Name: **Matthew Alexander Mcsorley**
Record Date:
Location: **El Dorado County**
Charge
NOT SPECIFIED
Record Date
UNKNOWN
Full Name
Matthew Alexander Mcsorley
Age
UNKNOWN
DOB
UNKNOWN
County Name
El      do County

# Technical issue?

# Other feedback?

Tell us more: *

R STORED

If you'd like to add a screenshot, click the camera button
and then click on what you'd like to share:

R STORED

📷

If you need immediate assistance, please contact our Customer Care team by
clicking Contact Us or by visiting www.spokeo.com/contact

Send

2256 Texas Ave, South Lake Tahoe, CA 96150

Source
CALIFORNIA_EL_DORADO_COUNTY_SUPERIOR_COURT
Offense Description
RENT/LEASE BLDG WHERE CNTRLD SUBSTANCES SOLD OR STORED
Offense Code
11366.5(A)
Offense Date
01 January 2014
Arresting Agency
SOUTH LAKE TAHOE POLICE DEPARTMENT
Case Number
S14CRF0063
Disposition
CONVICTED
Disposition Date
15 January 2016
Probation Length
00300000
Show Details
MFG CONTROLLED SUBSTANCES
Full Name: **Matthew Alexander Mcsorley**
Record Date: **01 January 2014**
Location: **South Lake Tahoe**
Charge
MFG CONTROLLED SUBSTANCES
Record Date
UNKNOWN

# Technical issue?
# Other feedback?

Tell us more: *

If you'd like to add a screenshot, click the camera button
and then click on what you'd like to share:

📷

If you need immediate assistance, please contact our Customer Care team by
clicking Contact Us or by visiting www.spokeo.com/contact

Send

Probation Length
00300000
Show Details
POSSESS CONCENTRATED CANNABIS
Full Name: **Matthew Alexander Mcsorley**
Record Date: **01 January 2014**
Location: **South Lake Tahoe**
Charge
POSSESS CONCENTRATED CANNABIS
Record Date
UNKNOWN
Full Name
Matthew Alexander Mcsorley
Age
39
DOB
October, 1981
County Name
El Dorado County
Address
2258 Texas Ave, South Lake Tahoe, CA 96150
Source
CALIFORNIA_EL_DORADO_COUNTY_SUPERIOR_COURT
Offense Description
POSSESS CONCENTRATED CANNABIS
Offense Code
F11357(A)
Date

# Technical issue?

# Other feedback?

Tell us more: *

If you'd like to add a screenshot, click the camera button
and then click on what you'd like to share:

If you need immediate assistance, please contact our Customer Care team by
clicking Contact Us or by visiting www.spokeo.com/contact

Send

See the breakdown of offenses & safety score of El Dorado, CA
El Dorado County Population
181,058
Safety
42
Score
Violent Crimes
5,069
Property Crimes
5,428
Other Crimes
6,870
Total Crimes
17,367
Total Crimes
per 1,000 residents
El Dorado County
96
California
128
National Median
634
Murder
El Dorado County
6
California
4

# Technical issue?
# Other feedback?

Tell us more: *

If you'd like to add a screenshot, click the camera button
and then click on what you'd like to share:



If you need immediate assistance, please contact our Customer Care team by
clicking Contact Us or by visiting www.spokeo.com/contact

Send

) determine a person's eligibility for credit,
purpose covered under the Fair Credit
and does not offer consumer reports. Spokeo
e, comprehensive, accurate or even up-to-
ecially if you have concerns about a person's
ita, and makes no warranties or guarantees

nunity Contact More
:edit Reporting Act (FCRA). This site should
or any purpose covered by the FCRA.

Copyright © 2006-2021 Spokeo, Inc.
Navigation
Reverse Phone Lookup Email Lookup People Search Address Lookup
Blog

# EXHIBIT A-6



May 28, 2021

<u>**CONFIDENTIAL SETTLEMENT COMMUNICATION**</u>
<u>**VIA ELECTRONIC MAIL**</u>

Margret Long
County Counsel
County of Alpine, California
**99 Water Street**
**Markleeville, CA  96210**
**Email:** ssimis@alpinecountyca.gov

     *Re:    Matthew McSorley, applicant for Assistant Auditor-Controller*
              *Alpine County Finance Department*

Dear Ms. Long:

This correspondence is intended as a privileged a settlement communication protected from disclosure by Sections 1152 and 1154 of the California Evidence Code and Rule 403 of the Federal Rules of Evidence.

Our office represents Matthew McSorley regarding his application with, and employment offer from, Alpine County Finance Department.

This writing is Mr. McSorley's response, at your request, to your letter dated May 19, 2021.

Your decision to rescind the employment offer to Mr. McSorley violates California Labor Code 432.7.  Mr. McSorley was offered employment as Assistant Auditor on May 4, 2021.  Mr. McSorley had his only criminal conviction judicially dismissed (expungement) on October 25, 2019 pursuant to PC 1203.4.  This conviction was later used to rescind his employment offer, which is unlawful.

California Labor Code 432.7 states, in part,

11335 Gold Express Drive
Suite 105
Sacramento
California 95670
T: 916-361-6009
F: 916-361-6019
towerlegalgroup.com



**432.7.**

(a) (1) An employer, whether a <u>public agency</u> or private individual or corporation, <u>shall not ask an applicant for employment to disclose</u>, through any written form or verbally, information concerning an arrest or detention that did not result in conviction, or information concerning a referral to, and participation in, any pretrial or posttrial diversion program, <u>or concerning a conviction that has been judicially dismissed</u> or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. <u>An employer also shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring,</u> promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or <u>concerning a conviction that has been judicially dismissed</u> or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. This section shall not prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on their own recognizance pending trial.

Please take notice that violations of this labor code entitle the applicant to recover attorney fees, costs, and treble damages. LC 432.7c.

We are demanding Alpine County re-instate their employment offer to Mr. McSorley immediately. I have attached copies of Alpine County's offer letter (Exhibit A), Mr. McSorley's expungement which judicially dismissed his charges (Exhibit B), and your letter requesting Mr. McSorley's response by May 31, 2021 (Exhibit C).

Lastly, Mr. McSorley's employment is scheduled to begin June 1, 2021. Therefore, his damages will begin accruing as of that date. My office has extensive experience in litigating these cases throughout California, involving both private and public employers. At this stage, we are simply demanding reinstatement of Mr. McSorley's employment offer effective June 1, 2021, and nothing further.



Thank you in advance for your anticipated cooperation.

Very truly yours,
**TOWER LEGAL GROUP, P.C**

James A. Clark, Esq.
james.clark@towerlegalgroup.com

cc:  Matthew McSorley
     Renee P. Ortega, Esq.

# EXHIBIT A-7

**James Clark**

| | |
|---|---|
| **From:** | Sarah Simis <ssimis@alpinecountyca.gov> |
| **Sent:** | Friday, May 28, 2021 11:09 AM |
| **To:** | James Clark |
| **Cc:** | Matt McSorley; Renee P. Ortega; Ariel Pytel |
| **Subject:** | RE: Matthew McSorley - Applicant for Assistant Auditor |

I have received and will forward to our legal counsel.

---

**From:** James Clark [mailto:james.clark@towerlegalgroup.com]
**Sent:** Friday, May 28, 2021 10:47 AM
**To:** Sarah Simis
**Cc:** Matt McSorley; Renee P. Ortega; Ariel Pytel
**Subject:** Re: Matthew McSorley - Applicant for Assistant Auditor

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Dear Ms. Simis,

Please find attached communications for Margret Long regrading Matthew McSorley.
Ms. Long directed all communications to be emailed to your email address.

Can you confirm receipt?

Thank you,

James Clark
Attorney
Tower Legal Group, P.C.
11335 Gold Express Drive, Suite 105
Sacramento, CA 95670
(916) 361-6009
james.clark@towerlegalgroup.com

Privileged and Confidential

PRIVILEGED AND CONFIDENTIAL: This electronic message contains information from Tower Legal Group which may be confidential or protected by the attorney-client privilege and/or the work product doctrine and is intended solely for the use of the addressee listed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this electronic message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the use of the content of this electronic message is strictly prohibited. If you have received this electronic message in error, please immediately notify us by replying to this message and delete the original message.

1

FOR POTENTIAL CLIENTS: Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken to evaluate potential legal claims. Unless and until a formal attorney-client fee contract/agreement has been fully executed by both Tower Legal Group and yourself, we will not take any action on your behalf to protect your rights. Be advised that all cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or administrative charge and it is your sole responsibility to ensure they are protected.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# EXHIBIT A-8

**James Clark**

| | |
|---|---|
| **From:** | Margaret Long <Margaret@prenticelongpc.com> |
| **Sent:** | Wednesday, June 9, 2021 2:31 PM |
| **To:** | James Clark |
| **Cc:** | Sarah Simis |
| **Subject:** | FW: Matthew McSorley - Applicant for Assistant Auditor |
| **Attachments:** | McSorely Settlement Communicaitons Final.pdf |

Good Afternoon Mr. Clark:

Thank you for your correspondence, which has been reviewed by this office.

For clarification, Ms. McSorley's conditional offer was not withdrawn due to his expunged conviction, but do to his dishonesty during his background investigation. As I know you are aware, the position of Assistant Auditor is one that requires the highest ethical standards, and his conduct with our investigator does not meet this standard. We wish him luck in his future endeavors.

Thank you for your consideration of this matter

## Margaret E. Long
**PARTNER**

t: 530.691.0800   f: 530.691.0700
2240 Court St, Redding, CA 96001

WWW.PRENTICELONGPC.COM

*prentice*|**LONG**℞

**From:** James Clark [mailto:james.clark@towerlegalgroup.com]
**Sent:** Friday, May 28, 2021 10:47 AM
**To:** Sarah Simis
**Cc:** Matt McSorley; Renee P. Ortega; Ariel Pytel
**Subject:** Re: Matthew McSorley - Applicant for Assistant Auditor

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Dear Ms. Simis,

Please find attached communications for Margret Long regrading Matthew McSorley.
Ms. Long directed all communications to be emailed to your email address.

Can you confirm receipt?

Thank you,

1

James Clark
Attorney
Tower Legal Group, P.C.
11335 Gold Express Drive, Suite 105
Sacramento, CA 95670
(916) 361-6009
james.clark@towerlegalgroup.com


Privileged and Confidential

PRIVILEGED AND CONFIDENTIAL: This electronic message contains information from Tower Legal Group which may be confidential or protected by the attorney-client privilege and/or the work product doctrine and is intended solely for the use of the addressee listed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this electronic message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the use of the content of this electronic message is strictly prohibited. If you have received this electronic message in error, please immediately notify us by replying to this message and delete the original message.

FOR POTENTIAL CLIENTS: Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken to evaluate potential legal claims. Unless and until a formal attorney-client fee contract/agreement has been fully executed by both Tower Legal Group and yourself, we will not take any action on your behalf to protect your rights. Be advised that all cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or administrative charge and it is your sole responsibility to ensure they are protected.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# EXHIBIT B

# Trindel
## Insurance Fund

ALPINE-COLUSA-DEL NORTE-LASSEN-MODOC-MONO-PLUMAS-SAN BENITO-SIERRA-SUTTER-TRINITY

A JOINT POWERS AUTHORITY ESTABLISHED IN 1980

www.trindel.org

To:     Tower Legal Group, P.C.
        11335 Gold Express Drive
        Suite 105
        Sacramento, CA 95670

## NOTICE OF REJECTED CLAIM (Gov. Code 913)

RE: **Matthew McSorely** v. The County of Alpine
    Claim No.: ALP21-0005
    DOL: 6/9/2021
    Presented on: 6/22/2021

Dear Gentleperson's:

**NOTICE IS HEREBY GIVEN** that the claim which you presented to the County of Alpine on June 22, 2021 was rejected by the County on August 26, 2021.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice is personally delivered or deposited in the mail to file a court action on your state law claims.  See Government Code Section 945.6.  This notice does not apply to any claim you may have under federal law, and your time for filing an action on any federal law claim may be less than six months.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please be advised that pursuant to Sections 128.7 and 1038 of the California Code of Civil Procedure, the County of Alpine will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that action was not brought in good faith and with reasonable cause.

DATED: August 26, 2021

_____
**Andrew W.B. Fischer**, ARM-P
Trindel Insurance Fund
Claims Administrator for
**COUNTY OF ALPINE**

File No.        ALP21-0005

cc:     Alpine County (EMAIL)

P.O. BOX 2069 • WEAVERVILLE, CA 96093 • PHONE (530) 623-2322  FAX: (530) 623-5019

Trindel Insurance Fund is an authorized agent for the County of Alpine

**PROOF OF SERVICE - C.C.P, Section 1013A, 2015.5**

I, **Andrew Fischer**, declare that:

1. I am employed in the County of Trinity, California; I am over the age of eighteen years and not a party to the within cause; and my business address is **PO Box 2069 Weaverville, CA 96093**

2. I am readily familiar with the practice of Trindel Insurance Fund in the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3. On August 26, 2021, I served the following document(s)

**Notice of Rejected Claim** for the claim of Matthew McSorely

In said cause, on the following interested parties:

> Tower Legal Group, P.C.
> 11335 Gold Express Drive
> Suite 105
> Sacramento, CA 95670

4. Said service was performed in the following manner:

X    **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed as noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at Weaverville, California, following the above-stated business practice, on this date.

**BY PERSONAL SERVICE:** I hand-delivered each such envelope to the address[es] listed on this date.

**BY COURIER/MESSENGER SERVICE (Hand Delivery):** I caused each such envelope to be delivered by hand to the address[es] listed above on this date.

**BY FACSIMILE:** I caused said document[s] to be transmitted by facsimile machine to the parties at the number[s] indicated above on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: **August 26, 2021** at Weaverville, California.

_____
Andrew Fischer